IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Billi Metcalf, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-1371 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Billi Metcalf, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and one of the Defendants resides here.

**PARTIES**

3. Plaintiff, Billi Metcalf ("Metcalf"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for a M&T Bank

debt.

4. Defendant, Dynamic Recovery Solutions, LLC ("DRS"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant DRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant DRS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Jefferson operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Jefferson is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Jefferson's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendant Jefferson is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  Defendant DRS is not authorized to conduct business in Indiana.  In fact, both Defendants DRS and Jefferson conduct business in Indiana.

8. Defendant Jefferson is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  Defendant DRS is not licensed as a debt collection agency in Indiana.  In fact, both Defendants DRS and Jefferson act as debt collection agencies in Indiana, by attempting to collect debts from thousands of persons in Indiana via collection letters and phone calls.

## FACTUAL ALLEGATIONS

9. More than 6 years ago, Ms. Metcalf fell behind on paying her bills, including a debt she allegedly owed for an M&T Bank account.  Sometime after that debt became delinquent, it was allegedly purchased/obtained by Jefferson, which tried to collect upon it, by having Defendant DRS send Ms. Metcalf an initial form collection letter, dated January 4, 2018, demanding payment of the M&T Bank debt via various limited-time settlement offers, the satisfaction of which would result in the account being "considered satisfied and closed" and would result in the issuance of a "satisfaction letter".  This letter then belatedly stated:

* * *

> The law limits how long you can be sued on a debt.  Because of the age of your debt, Jefferson Capital Systems, LLC cannot sue you for it and Jefferson Capital Systems, LLC cannot report it to any credit reporting agency.

* * *

A copy of this collection letter is attached as Exhibit C.

10. Defendants' letter, however, failed to state that DRS could not also sue on the debt, and that DRS could not also make a credit report about the debt.

11. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Indiana, namely Indiana Code § 34-11-2 (six years from the date of the last payment/statement).

12. Moreover, there is no benefit to the consumer in having the account on a time-barred debt marked as "satisfied", nor any benefit in getting a "satisfied" letter.

13. Defendants' failure to disclose that neither Defendant could sue, and that neither Defendant could credit report the debt is material. In Indiana, collection agencies like DRS can, and do, file collection lawsuits for their clients and nationwide they also make credit reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt needed to be satisfied.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any

false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5),

18. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Tatis v. Allied Interstate, 882 F.3d 422 (3rd Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

19. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that DRS could not sue on the debt; b) they did not foreclose the possibility that DRS could credit report the debt; and c) they promised fictitious benefits of a "satisfaction letter" for paying the time-barred debt.  Thus, Defendants' form debt collection letter violated § 1692e of the FDCPA.

20. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

21. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

22.    Plaintiff adopts and realleges ¶¶ 1-15.

23.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24.    Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that DRS could not sue on the debt; b) they did not foreclose the possibility that DRS could credit report the debt; and c) they promised fictitious benefits a "satisfaction letter" for paying the time-barred debt.   Thus, Defendants' form debt collection letter violated § 1692f of the FDCPA.

25.    These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, or to obtain the alleged benefits, see, Lox, 689 F.3d at 826.

26.    Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27.    Plaintiff, Billi Metcalf, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for an M&T

Bank debt, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28.    Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Metcalf, in their attempts to collect delinquent consumer debts from other consumers.

29.    The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Metcalf.

30.    Plaintiff Metcalf's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32.    Plaintiff Metcalf will fairly and adequately protect and represent the

interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Metcalf has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Billi Metcalf, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Metcalf as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Metcalf and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billi Metcalf, individually and on behalf of all others similarly situated, demands trial by jury.

>  Billi Metcalf, individually and on
>  behalf of all others similarly situated,
>
>  By: /s/ David J. Philipps
>  One of Plaintiff's Attorneys

Dated: May 4, 2018

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com